UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAQUITA DRAKE, Plaintiff,

v. Civil Action No. 3:17-cv-670-DJH

SOUTHSIDE CHRISTIAN DAYCARE INC. et al., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Laquita Drake, a non-prisoner proceeding *in forma pauperis*, has filed this *pro se* civil action (DN 1). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

## I.

Although somewhat difficult to determine, Plaintiff appears to identify the following nine Defendants in this action: (1) Southside Christian Daycare Inc., of Louisville, Kentucky; (2) Family Health Center in Louisville, Kentucky; (3) the Cabinet for Health and Family, Fraud & Abuse; (4) CHFS (Cabinet for Health and Family Services), Small Business Ombudsman, in Frankfort, Kentucky; (5) CHFS, OIG (Office of Inspector General) Hotline; (6) U of L Physician; (7) Kurt A. Scharfenberger; (8) CPS (Child Protective Services), Kaylee Toma; and (9) CPS, K. Blantons. In the portion of the complaint regarding the basis for jurisdiction in the federal court, Plaintiff indicates that this Court has jurisdiction due to a federal question being presented and because there is diversity of citizenship. As to federal question jurisdiction, Plaintiff states, "This corporation so powerful that it is overthrowing the government at a state

level including the courts." As to diversity of citizenship jurisdiction, Plaintiff indicates that she is a citizen of Kentucky and Defendants, of whom there are "too many to list," are also citizens of Kentucky.

In the portion of the complaint in which the Plaintiff is to write the statement of the claim(s), she states that she "[w]rote a letter." Plaintiff states the same thing in the portion of the complaint in which she is to write the relief she seeks. Attached to the complaint is a letter addressed to the "U.S. District Court." In the letter, Plaintiff begs the Court to look at her documents and listen to her because she and "child know Nephew are being 'redlined.'" Plaintiff explains that she was told in court that redlining is the proper word rather than blackballing. In the letter attached to the complaint, Plaintiff states as follows:

> Yesterday court appearance where the state at court mins. before the hearing changed court orders adding more of my private and my child private history[.] In the court I explained how no one should have known about these things besides O.I.G. Ombudsman and fraud and abuse because these where the people I was told to go to so that they could perform their own investigation. The redlineing began when I try to hold Southside Christian Childcare #11. Run out of Nashville, Ky and from my documents and known the lifestyle I'm force to live (everything I have is government provided given and taken away as soon as Southside give the word. Many complaint and records have been sent back to the Cabinet to fix. I have even received agency error notices I have contact the head of L & N writing to let her know this is going and still it wouldn't stop. Do all together I have lost my reg apartment lawyer in par for that sit in Court for 12-6. My lawyer who worked . . . settlement refuses to respond to the known info information I have saying I signed a breach settlement not knowing I have lost my car. All info was turned into the state, which they said it was okay. Than was forced to make a deal with progressive so I could finish my calm. My all call type I requested was edited. I know being denied medical treatment my child has to wait know a  another year for the test that will prove what happen and what they should be respond for. I went to JCPS for help and known being for that someone know of a private meeting & lied to use it against me in court. Due to the redlineing I had to have a private meeting with tarc. Known since I'm trying to fight back the state coming up with paperwork to make me seem crazy. Friday Nov. 3rd, 2017 I filled out for SSI so hopefully I can get the federal system to restore order back into the government at a state level who are miss using government money as well as building their private lobbiest group over throwing anyone who dare go against them at a state level. Les I think I know some of the

> members I was add in this group on FB where they seem to know everything about my life by posting music and pictures of what happen to me that day when I said I want to go to Feds. I started getting Death treats and in this group A picture of a dead woman appeard I didn't google anything are do anything I just screen shoted the people profile picture that said to belong to this group of lobbyist. Please people become a reg. American again. Restore our government back to the government and out of the hands of lobbyist whom have and still taking my & my child right to live freely away.

Simultaneous to the filing of the complaint, Plaintiff filed numerous exhibits (DN 5). The exhibits include a Norton Healthcare After Visit Summary, a Prevention Plan, Plaintiff's high school diploma, and what appear to be numerous certificates from training and seminars Plaintiff has completed.

**II.**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

Plaintiff has failed to meet her burden. For instance, under 28 U.S.C. § 1332, the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Plaintiff does not allege an amount in controversy. Further, according to the complaint, Plaintiff is a citizen of Kentucky, and Defendants are identified as being from Kentucky or located in Kentucky. Thus, the complaint fails to satisfy the complete diversity-of-citizenship requirement. For these reasons, Plaintiff cannot bring any state-law claims by way of the federal-diversity statute.

Additionally, under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff brings this action on a general civil complaint form, and she lists no federal statutes, federal treaties, or any provision of the United States Constitution that she alleges are at issue in this case. Further, the statements in Plaintiff's letter attached to the complaint are confusing and disjointed, and the Court is unable to determine the nature of her action or any jurisdictional basis for it in this Court. Thus, this Court does not have federal-question jurisdiction over this complaint.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the

4

duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Further, the Court is not required to wade through exhibits to try to identify claims on Plaintiff's behalf. *See Jinadu v. Fitzgerald*, No. 99-4259, 2000 WL 1359640, at *1 (6th Cir. Sept. 15, 2000) ("The district court's duty to construe Jinadu's pro se pleadings liberally did not obligate it to analyze attachments to Jinadu's complaint in order to speculate about the claims Jinadu may be attempting to bring."); *Young Bey v. McGinnis*, No. 98-1930, 1999 WL 776312, at *1 (6th Cir. Sept. 23, 1999) ("[A]t the conclusion of each section, [the plaintiff] refers the court to an attachment consisting of a minimum of fifty pages. The district court's duty to construe Young Bey's pro se pleadings liberally did not obligate it to analyze attachments to Young Bey's complaint in order to speculate about the claims Young Bey may be attempting to bring."). This Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III**.

Plaintiff having failed to establish this Court's jurisdiction, the instant action must be dismissed. The Court will enter a separate Order dismissing the action and denying all pending motions as being moot.

Date: April 24, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.003

5